# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

In Re The Complaint Of WATERCRAFT
ADVENTURES RENTALS, LLC, as
Owner of the YAMAHA JET SKI bearing
Hull ID Number YAMA2000G506, for the
Exoneration From or Limitation of
Liability,

     Petitioner,

_____

WATERCRAFT ADVENTURE
RENTALS, LLC,

     Plaintiff,

v.

DANIEL R. STICKEL AND AURORA
GLASSOCK, *et al.*,

     Defendants.

Case No. 2:07-CV-01494-KJD-GWF

**ORDER**

     Presently before the Court is Petitioner/Plaintiff Watercraft Adventure Rentals, LLC's Motion for Relief (#41). Defendant Daniel Stickel filed an opposition (#42) to which Plaintiff replied (#44/45).

I. Background

     Plaintiff Watercraft Adventure Rentals, LLC ("Watercraft") owns and rents jet skis. In July 2006, Watercraft rented a jet ski to Aurora Glassock ("Glassock"), who crashed the ski into a boat driven by Stickel, injuring Stickel. On May 1, 2007, Stickel brought suit against Glassock and Watercraft in Nevada State Court. Stickel served the summons and complaint on Watercraft's

resident agent, Connie Paulino, on May 5, 2007.  Service was effected in accordance with Nevada Revised Statute § 14.090 by leaving copies of the summons and complaint with the gate guard who would not grant access to Paulino's residence.  Watercraft was also served with the summons and complaint of Glassock's cross-claim on June 10, 2007 through resident agent, Connie Paulino. Watercraft claims that this service was the first notice it had of the Stickel's claim against it.

The present action to limit liability was filed on November 9, 2007.  At a hearing held on February 10, 2009, the Court was informed by Stickel's attorney that Plaintiff had been served on May 5, 2007.  Plaintiff was notified at the hearing by the Court that if it disagreed with that date notice should be filed the next day.  After Plaintiff failed to note any disagreement with the service date, the Court entered an order on February 13, 2009 dismissing Petitioner's action for lack of subject matter jurisdiction, because the petition had not been filed within six months of receiving written notice of the claim as required by 46 U.S.C. § 30511.  In order to meet the six month statutory requirement, Plaintiff had to file its action seeking to limit liability no later than November 5, 2007.

Plaintiff has now filed the present Motion for Relief (#41) from the November 13, 2009 Order (#40) arguing that counsel did not hear the Court order that disagreement with the service date should be filed the next day, and that Watercraft did not receive notice of the claim, i.e. was not served, until it was served the cross-claim on June 10, 2007.

II.  Analysis

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60 (b) of the Federal Rules of Civil Procedure.  See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000).  Motions for reconsideration are committed to the discretion of the trial court.  See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  Here, Petitioner seeks reconsideration under Rules 60(b)(1),(6).

Pursuant to Rule 60(b)(1),(6), reconsideration is appropriate only upon a showing of:  (1) mistake, inadvertence, surprise, or excusable neglect; or (6) any other reason justifying relief from

1    the operation of the judgment.  See Fed. R. Civ. P. 60(b).  A party can obtain relief under Rule 60(b)

2    only upon an adequate showing of exceptional or extraordinary circumstances.  See Maraziti v.

3    Thorpe, 52 F.3d 252, 254 (9th Cir. 1995).  A Rule 60(b) motion must be filed within a reasonable

4    time, and for reason (1) not more than one year after the judgment, order, or proceeding was entered.

5    See Fed. R. Civ. P. 60(b).  Errors of law are cognizable under Rule 60(b)(1).  See Kingvision Pay-

6    Per-View Ltd. v, Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).  Also, Rule 60(b) allows a

7    district court judge to vacate a judgment on its own motion if after "mature judgment and re-reading

8    the record he [is] apprehensive that he had made a mistake."  Id. at 352. However, due process

9    requires the court to give notice and an opportunity to be heard before vacating a judgment on its

10   own motion.  See id.

11       A motion for reconsideration should not merely present arguments previously raised; that is, a

12   motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments

13   previously presented.  See Maraziti, 52 F.3d at 255; Beentjes v. Placer County Air Pollution Control

14   District, 254 F. Supp.2d 1159, at 1161 (E.D. Cal. 2003); Khan v. Fasano, 194 F. Supp. 2d 1134,

15   1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is

16   unhappy with the judgment.").  "As a general rule, the Court does not consider evidence on a motion

17   for reconsideration if the evidence could have been provided before the decision was rendered

18   initially."  Arizona Civil Liberties Union v. Dunham, 112 F. Supp. 2d 927, 935 (D. Ariz. 2000)

19   (citing School Dist. No. 1J., 5 F.3d at 1263).  In order for a party to demonstrate clear error, the

20   moving party's arguments cannot be the same as those made earlier.  See Glavor v. Shearson

21   Lehman Hutton, Inc., 879 F. Supp. 1028, 1033 (N.D. Cal. 1994).  If a party simply inadvertently

22   failed to raise the arguments earlier, the arguments are deemed waived.  See id.  It is not an abuse of

23   discretion for a district court to decline to address an issue raised for the first time in a motion for

24   reconsideration.  See 389 Orange Street Partners v. Arnold, 178 F.3d 656, 665 (9th Cir. 1999).

25       Assuming that mistake or inadvertence caused counsel to fail to inform the Court that

26   Petitioner disputed the date of service, the Court finds that Petitioner received notice of the claim as

3

1   required by statute on May 5, 2007.  Petitioner argues that when service was effected by leaving

2   copies of the summons and complaint with the gate guard, notice was not provided to the owner of

3   the jet ski as required by the Limitation of Liability Act.  Petitioner agrees that notice would be

4   effective if the vessel's owner or resident agent were personally served with the summons and

5   complaint.  After discovering that the complaint to limit liability would be dismissed, both the

6   resident agent, now Connie Paulino Jablonski, and Watercraft's CEO, Stan Jablonski, argue for the

7   first time that they did not receive the summons and complaint served on May 5, 2007.

8        Attacks on jurisdiction can be either facial, confining the inquiry to allegations in the

9   complaint, or factual as in this case, permitting the court to look beyond the complaint.  See White v.

10  Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  When jurisdiction has been challenged, the party asserting

11  jurisdiction must furnish affidavits or other evidence necessary to satisfy its burden of establishing

12  subject matter jurisdiction.  St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); see also,

13  Wepfer v. Marine, Inc., 344 F. Supp.2d. 1120 (W.D. Tenn. 2004).  Here the Court finds that

14  Petitioner has not met its burden in establishing jurisdiction.

15       The Court finds the assertions that the summons and complaint served May 5, 2007 was

16  received by neither the resident agent nor Watercraft's CEO not credible.  On July 2, 2007, Stickel

17  first claimed in a state court filing that service was accomplished on May 5, 2007 by serving the gate

18  guard.  The first time that Watercraft denied that service had been made on May 5, 2007 was not

19  until after the Court dismissed the action to limit liability on February 13, 2009.  Furthermore, the

20  Court finds that the unexplained discrepancy between Petitioner's claim that the June 10, 2007

21  service of the cross-claim was the first notice it received of Stickel's claim and the fact that it

22  answered Stickel's complaint separately and eight days before it answered Glassock's cross-claim as

23  further evidence that the June 10 service date was not the first notice Petitioner had of the claim.

24       Additionally, the Court finds that even if Watercraft or Watercraft's resident agent had not

25  received *actual* notice of the claim, because the summons and complaint were not delivered by the

26  gate guard to the resident agent, Watercraft clothed the gate guard with apparent authority to accept

4

1  notice by designating a resident agent that it knew lived in a gated community where access to the

2  residence would be restricted.  Nevada statute recognizes this potential disability to claimants by

3  authorizing service of process by leaving a copy of the summons and complaint with the guard.  See

4  NRS § 14.090 (1)(a)(if there is a guard posted at the gate and the guard denies access, service is

5  effective upon leaving a copy with the guard).  Since there is no more definitive assertion of written

6  notice of a claim than the filing of a lawsuit, service of the summons and complaint in accordance

7  with federal and state law, in this case, notice was effective upon service.  See Cincinnatti Gas &

8  Electric Co. v. Abel, 533 F.2d 1001, 1005 (6th Cir. 1976)(any ambiguity in the Act should be

9  resolved in favor of permitting full recoveries); Diamond v. Beutel, 247 F.2d 604, 607 (5th Cir.

10  1957)(relying on Federal Rules of Civil Procedure, nothing prevents vessel owner from appointing

11  agent to receive notice); In the matter of Waterfront License Corp., 231 F.R.D. 693, 698 (S.D. Fla.

12  2005)(notice of a claim may be received by agent of vessel owner if agent has sufficient authority to

13  receive notice).

14  III.  Conclusion

15    Accordingly, IT IS HEREBY ORDERED that Petitioner/Plaintiff Watercraft Adventure

16  Rentals, LLC's Motion for Relief (#41) is **DENIED**.

17    DATED this 23rd day of September 2009.

18

19

20                             _____

                           Kent J. Dawson

21                             United States District Judge

22

23

24

25

26